UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BONNIE MIKULA,

    Plaintiff,

v().  Case No.:  6:21-cv-962-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

# OPINION AND ORDER

Plaintiff Bonnie Mikula seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum setting forth their respective positions. As explained below, the decision of the Commissioner is **REVERSED and REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

### I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

#### A.    Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

#### B.    Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C.  Procedural History

Plaintiff filed an application for supplemental security income benefits on August 21, 2019, alleging disability beginning on July 15, 2003. (Tr. 73, 187-202). Plaintiff later amended her alleged onset date to August 21, 2019. (Tr. 208). The application was denied initially and on reconsideration. (Tr. 73, 87). Plaintiff requested a hearing and on October 30, 2020, a hearing was held before Administrative Law Judge ("ALJ") Sylvia H. Alonso. (Tr. 32-60). On December 7, 2020, the ALJ entered a decision finding Plaintiff not under a disability since August 21, 2019, the date the application was filed. (Tr. 15-26).

Plaintiff requested review of the hearing decision, but the Appeals Council denied Plaintiff's request on April 5, 2021. (Tr. 1-5). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on June 3, 2021, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 20).

### D.  Summary of ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 21, 2019, the application date. (Tr. 17). At step two, the ALJ found that Plaintiff had the following severe impairments: "gastrointestinal disorder, carpal tunnel syndrome bilaterally (CTS), anxiety and depression." (Tr. 17). At step three, the ALJ found that Plaintiff did not

have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926). (Tr. 18).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 416.967(b) except frequently climb ramps/stairs, occasionally climb ladders, ropes, and scaffolds; frequently balance, stoop, kneel, crouch, and crawl. The claimant would need to have only occasional exposure to extreme cold, heat, wetness, humidity, no exposure to vibration or hazards. The claimant could concentrate and persist to perform simple tasks.

(Tr. 20).

At step four, the ALJ found Plaintiff had no past relevant work. (Tr. 24). At step five, the ALJ relied on the testimony of a vocational expert to find that considering Plaintiff's age (40 on the application date), education (at least high school), work experience, and RFC, there are jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 24-25). Specifically, the ALJ found that Plaintiff could perform such occupations as:

(1) garment bagger, DOT 920.687-018, light, unskilled, SVP 1

(2) stock checker apparel, DOT 299.667-014, light, unskilled, SVP 2

(3) marker pricer, DOT 209.587-034, light, unskilled, SVP 2

(Tr. 25). The ALJ concluded that Plaintiff had not been under a disability since August 21, 2019, the date the application was filed. (Tr. 25).

## II.     Analysis

On appeal, Plaintiff raises two issues: (1) whether the ALJ's reasons for finding Dr. Farrington's and Dr. Zeroni's opinions to be unpersuasive are supported by substantial evidence; and (2) whether the ALJ's RFC assessment accounts for Plaintiff's carpal tunnel syndrome. (Doc. 22, p. 11, 21).

### A.     Medical Source Opinions

Plaintiff argues that the ALJ erred in consideration of the opinions of Plaintiff's gastroenterologist, Charles Farrington, M.D., and her surgeon, Scott Zenoni. (Doc. 22, p. 11). Plaintiff claims that the ALJ did not offer sufficient justification for finding these two physicians' opinions to be unpersuasive. (Doc. 22 p. 11).

The regulations for disability cases filed after March 27, 2017 – such as this one – changed and an ALJ no longer defers or give any specific evidentiary weight to a medical opinion. 20 C.F.R. § 404.1520c(a), 20 C.F.R. § 416.920c(a). Thus, an ALJ no longer uses the term "treating source" and does not defer or give specific evidentiary weight, including controlling weight, to any medical opinion or prior administrative medical finding. *Torres v. Comm'r of Soc. Sec.*, No. 6:19-cv-1662-

ORL-PDB, 2020 WL 5810273, at *2 (M.D. Fla. Sept. 30, 2020) (citing 20 C.F.R. § 404.1520c(a)).

Instead, an ALJ assesses the persuasiveness of a medical source's opinions given the following five factors, with the first two being the most important: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length, frequency, and purpose of the examining and any treatment relationship; (4) specialization; and (5) other factors, such as the source's familiarity with other evidence concerning the claim, that tend to support or contradict the medical opinion. 20 C.F.R. § 404.1520c(a)-(c); 20 C.F.R. § 404.920c(a)-(c). An ALJ may but is not required to explain how he considers factors other than supportability and consistency, unless two or more opinions are equally persuasive on the same issue. 20 C.F.R. § 404.1520c(b)(2); 20 C.F.R. § 416.920c(b)(2).

For supportability, the revised rules provide: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1); 20 C.F.R. § 416.920c(c)(1). For consistency, the revised rules provide: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or

prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2); 20 C.F.R. § 416.920c(c)(2).

The new regulations also differentiate between medical opinions and "other medical evidence." 20 C.F.R. § 404.1513(a)(2)-(3). "A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in the abilities listed in paragraphs (a)(2)(i) through (iv). 20 C.F.R. § 404.1513(a)(2). "Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. § 404.1513(a)(3).

In the decision, the ALJ summarized Dr. Farrington's medical source statement:

> On June 28, 2019, Charles Farrington, M.D., issued a medical source statement discussing that the claimant's diverticular disuse [sic] caused moderately severe pain limiting the claimant to standing/sitting less than 30 minutes, lifting less than 5 pounds; can walk 1 city block; and would need to take 4-6 120-minute breaks, and be absent 4 or more days a month (Exhibit 1F).

(Tr. 23). The ALJ then summarized Dr. Zenoni's medical source statement:

> On August 14, 2019, Scott Zeroni, [sic] M.D., issued a medical source statement noting that the claimant experienced mild pain limiting her to 2 hours sitting, 30 minutes of standing at

> one time, lifting 10 pounds occasionally and less than 5 pounds frequently; with the need to alternate positions and take unscheduled breaks lasting 100 minutes; and would be absent 4 or more days a month (Exhibit 2F).

(Tr. 23).

The ALJ found these two opinions not persuasive. (Tr. 23). She reasoned: "[the opinions] were given while the claimant was undergoing treatment, and w[ere] not issued as a permanent restriction. . . . the ones given [ ] in June and August 2019 predated [Plaintiff's] surgery and are no longer applicable." (Tr. 23).

For context, on July 5, 2019, Dr. Zenoni performed surgery on Plaintiff for diverticulitis and a possible colo-colofistula, leaving Plaintiff with, among other things, a Hartman's pouch and colostomy. (Tr. 737). Dr. Farrington's opinion was issued on June 28, 2019, a few days before Plaintiff's surgery. His diagnosis was painful diverticular disease and his prognosis was "lifelong & worsening without surgery." (Tr. 302-303). While the ALJ did not exactly analyze Dr. Farrington's opinion for supportability and consistency, the ALJ's rational for finding Dr. Farrington's opinion unpersuasive is supported by substantial evidence. Plaintiff's surgery, which related to Dr. Farrington's diagnosis and prognosis, occurred shortly after his opinion, rendering his opinion as to post-surgery limitations questionable.

The same cannot be said for Dr. Zenoni's opinion. Dr. Zenoni performed surgery on Plaintiff on July 5, 2019, and his opinion is dated August 14, 2019, over a month *after* surgery. (Tr. 305-306). Thus, the ALJ's statement that the August 2019

opinion predated Plaintiff's surgery and is no longer applicable is incorrect. In addition, the ALJ also did not analyze Dr. Zenoni's opinion for supportability or consistency. While true that the ongoing drainage from the abdomen wound and risk of infection may have abated, Dr. Zenoni does not suggest that any of the limitations were temporary. (Tr. 304-305). Although the Commissioner argues that some medical evidence supports the ALJ's decision, the ALJ did not cite this evidence as a reason to find Dr. Zenoni's opinion unpersuasive. (Doc. 22, p. 18-19). The ALJ only reasoned that the opinion was given while Plaintiff was undergoing treatment, the restrictions were not permanent, and the opinion predated surgery and was therefore no longer applicable. (Tr. 23). "If an action is to be upheld, it must be upheld on the same bases articulated in the agency's order." *Baker v. Comm'r of Soc. Sec.*, 384 F. App'x 893, 896 (11th Cir. 2010). Here, the Commission engaged in post hoc rationalization, which does not provide a basis for judicial review of the administrative decision. *Id.* Further, the ALJ did not cite any of Dr. Zenoni's records showing his opinion was unsupported by his treatment records. (Tr. 23). Nor did the ALJ refer to any medical or other evidence of record to show an inconsistency with Dr. Zenoni's opinion. (Tr. 23). Thus, the ALJ's decision to find Dr. Zenoni's opinion unpersuasive is not supported by substantial evidence.

## B.     RFC and Carpal Tunnel

Plaintiff argues that the RFC did not account for Plaintiff's carpal tunnel syndrome. (Doc. 22, p. 21). Although the ALJ found Plaintiff's carpal tunnel syndrome a severe impairment, Plaintiff claims that the ALJ included no limitations on Plaintiff's ability to use her hands for work activities, such as handling and fingering. (Doc. 22, p. 21). In the decision, the ALJ considered Plaintiff's carpel tunnel syndrome and included limitations in the RFC for this impairment.

At step two, the ALJ found Plaintiff's carpal tunnel syndrome a severe impairment. (Doc. 17). A determination that carpal tunnel syndrome is a severe impairment means it significantly limited Plaintiff's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 416.920(c); *Raduc v. Comm'r of Soc. Sec.*, 380 F. App'x 896, 898 (11th Cir. 2010) ("By definition, a severe impairment limits significantly a claimant's ability to do basic work activities."). The ALJ acknowledged as much by stating that Plaintiff's carpal tunnel syndrome along with other impairments "significantly limit the ability to perform basic work activities." (Doc. 17).

The ALJ considered Plaintiff's reported hand pain and numbness bilaterally and that it worsened with activity. (Tr. 22). The ALJ later determined:

> Therefore, the claimant is limited to light work due to mild to moderate carpal tunnel in the wrists bilaterally treated at this time with pain medications. The claimant is further reduced to frequently climb ramps/stairs and balance, stoop, kneel,

> crouch, and crawl due to the abdominal surgeries, and ongoing pain; as well as, the carpal tunnel reducing the ability to climb ladders, ropes, and scaffolds. The claimant would need to have only occasional exposure to extreme cold, heat, wetness, humidity, no exposure to vibration or hazards, in consideration to the colostomy and the carpal tunnel syndrome.

(Tr. 23). Thus, the ALJ considered Plaintiff's carpal tunnel syndrome impairment and included limitations in the RFC for this impairment. In any event, because the Court is remanding this action on another basis, the Commissioner should reconsider any limitations caused by Plaintiff's carpal tunnel syndrome impairment.

### III. Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider the medical opinions in evidence and any limitations associated with Plaintiff's carpal tunnel syndrome. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on August 18, 2022.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties